# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OKAYSOU CORPORATION,<br>a California Corporation,<br><br>    Plaintiff,<br>V.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A"<br>a Foreign Entity<br><br>    Defendants | Case No. |

# COMPLAINT

Plaintiff OKAYSOU CORPORATION ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331, and for common law trademark infringement, unfair competition and trade dress infringement under Illinois law.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A

attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered copyrighted designs (collectively, the "Plaintiff's Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## I.    INTRODUCTION

3.    Plaintiff is the owner of US Trademark Registration No. 5,708,262 for OKAYSOU (Stylized) for use with household consumer products, including, but not limited to, air purifiers. ("Registered Trademark") Plaintiff has been a leader in the production and distribution of household consumer products, including air purifiers, under the OKAYSOU name, since as early as August 5, 2017.

4.    Along with the Registered Trademark, Plaintiff has also produced and distributed its products using unregistered tradenames, including but not limited to "APOLLO xxx" and "CAYMAN xxx" – where "xxx" refers to a combination of letter and/or numbers identifying a specific model of product. ("Common Law Marks").

## II.    PARTIES

**Plaintiff**

5.    Plaintiff is a corporation formed and existing under the laws of California.

6.    Through its use in United States commerce, Plaintiff has come came to own and maintain Trademark Registration No. 5,708,262 with the United States Patent and Trademark Office. The registration is used in connection with household consumer products, specifically "Air fryers; Air purifiers; Dehumidifiers; Electric egg cookers; Electric kettles; Electric rice cooker; Electric slow

cookers; Humidifiers; Humidifiers for household use" in International Class 11. A true and correct copy of the certificate of registration from the U.S. Patent and Trademark Office website for the above referenced Trademark is attached hereto as Exhibit 1.

7. Contemporaneously with its use of the Registered Trademark, and by virtue of its use in commerce, Plaintiff has come to own and maintain Common Law Marks in CAYMAN and APOLLO, among others, when used in connection with the same household consumer products.

8. By virtue of these Intellectual Property rights, including US Trademark Registration No. 5,708,262 and the Common Law Marks, Plaintiff and the consuming public are entitled to be free from any uses in the marketplace that are confusingly similar or that have a likelihood to be confused with Plaintiff's trademark.

**The Defendants**

9. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their

identities, Plaintiff will take appropriate steps to amend the Complaint.

### III.    SUBSTANTIVE ALLEGATIONS

**Plaintiff's Common Law Trademark Rights**

11.    Plaintiff is a prominent designer and manufacturer of household consumer products, including air purifiers, air fryers, and other household and kitchen appliances distributed throughout the U.S. and the world. ("Plaintiff's Products") Plaintiff consistently is ranked as a top seller on online ecommerce platforms.

12.    Since 2020, Plaintiff has continuously sold such household consumer products under the brand name OKAYSOU – the Registered Trademark – applied to each and every product sold and displayed on the online product detail pages offering such products for sale. This arbitrary, non-descriptive, coined word, along with accompanying artwork is a strong indicator of Plaintiff as the source and origin of its household consumer products. Attached hereto as Exhibit 2 showing examples of Plaintiff's Products displaying Plaintiff's Trademark.

13.    During the same period, Plaintiff has continuously sold such household consumer products under the product names CAYMAN and APOLLO – the Common Law Marks – applied to corresponding products sold and displayed on the online product detail pages offering such products for sale. These arbitrary, non-descriptive words, along with accompanying artwork is a strong indicator of Plaintiff as the source and origin of its household consumer products. Exhibit 2 shows examples of Plaintiff's Products displaying Plaintiff's Common Law Marks.

14.    The Plaintiff's Products bearing Plaintiff's Registered Trademark and Common Law Marks have been prominently featured throughout the U.S. in multiple markets and promotional venues.

15.     Due to the quality of its products and its international reputation, Plaintiff has achieved extensive sales throughout the United States and the world.

16.     Plaintiff offers and has sold a wide variety of household consumer products and other similar products that bear the distinctive brand name OKAYSOU and product names CAYMAN and APOLLO, applied thereto. Plaintiff's Registered Trademark and Common Law Marks serve no utility as used on Plaintiff's Products other than enhancing recognition of products by persons encountering the products in commerce, and thereby serving a source-identifying function.

17.     In addition to Plaintiff's Registered Trademark being coined and inherently distinctive, given the duration and widespread use of Plaintiff's Registered Trademark on household consumer products, the mark has an "acquired distinctiveness," that is, a secondary meaning, as indicating Plaintiff as the source of the origin of the products.

18.     Similarly, Plaintiff's Common Law Marks are arbitrary and inherently distinctive as applied to the subject household consumer products.  In addition, given the duration and widespread use of Plaintiff's Common Law Marks on the same household consumer products, the marks have an "acquired distinctiveness," that is, a secondary meaning, as indicating Plaintiff as the source of the origin of the products.

19.     As such, Plaintiff has prominently and extensively advertised, marketed and promoted products offered under the Plaintiff's Trademark and Common Law Marks throughout the United States and the world through such varied media as the internet. As a result, Plaintiff has developed substantial and valuable goodwill in Plaintiff's Trademark and Common Law Marks.

**Plaintiff's Marks and Defendants' Unlawful Conduct**

20.     As set out above, Plaintiff's use of Plaintiff's Registered Trademark and Common Law

Marks in commerce is widespread and substantial in the United States.

21.     Given such widespread exposure and use in commerce of Plaintiff's Registered Trademark and Common Law Marks in sales and advertising, the same as applied to household consumer products have secondary meaning—*i.e.*, acquired distinctiveness—as a source indicator for Plaintiff's Products.

22.     Defendants have counterfeited Plaintiff's Registered Trademark and Common Law Marks by using identical and/or confusingly similar designations on their competing household consumer products.

23.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized Products to residents of Illinois.

24.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be Plaintiff or authorized online retailers, outlet stores, or wholesalers.

25.     E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from Plaintiff. Plaintiff has not licensed Defendants to use its marks.

26.     On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet based e-commerce platforms.  On information and belief, certain Defendants have anonymously registered and maintained

Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operations.

27. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

28. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. Defendants have copied content and images – including non-product related content – directly as appearing on Plaintiff's own Amazon storefront and/or website.

29. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images.

30. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S. based financial accounts to off-shore accounts outside the jurisdiction of this Court.

31. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and

willfully used and continue to use the Plaintiff's Marks in commerce.

## COUNT I

### *Federal Trademark Infringement – 15 U.S.C. § 1114 (Plaintiff's Registered Trademark)*

32.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth above in Paragraphs 1 – 31.

33.     Plaintiff is the exclusive owner of US Trademark Registration No. 5,708,262 for OKAYSOU, listed on the Principal Register, granted March 26, 2019, and used in connection with household consumer products included within Int. Cl. 11. A copy of the certificate of registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "A".

34.     Subsequent adoption and commercial use by Defendants of OKAYSOU, OKSOU, and confusingly similar marks in connection with their household consumer products and related goods is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public, relative to Plaintiff, Plaintiff's federally registered mark, and the correct source of Defendants' goods.

35.     Past, present and future commercial usage by Defendants of OKAYSOU, OKSOU, and confusingly similar marks constitutes infringement of Plaintiff's U.S. trademark registration under the U.S. trademark laws. 15 U.S.C. §1051 et. seq., 15 U.S.C. §1114(a).

36.     Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT II

### *Federal Trademark Infringement – 15 U.S.C. § 1125 (Plaintiff's Trademark)*

37.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth above in Paragraphs 1 – 36.

38.     Consumers have come to associate the distinctive names OKAYSOU, CAYMAN, APOLLO, and other features of Plaintiffs Trademark and Common Law Marks that comprise

-8-

Plaintiff's trademark rights, particularly when used in connection with Plaintiff's products.

39. Through Plaintiff's promotional efforts, business conduct, and continuous use of its e-commerce store, its marketing displays and their associated trade dress, Plaintiff has developed and maintained clients throughout the United States, including in Illinois. Through its widespread and favorable acceptance and recognition by the consuming public, Plaintiff's Trademark and Common Law Marks have become an asset of substantial value as a symbol of Plaintiff, Plaintiff's high-quality products, and its goodwill.

40. Accordingly, Plaintiff has established valid and enforceable rights in Plaintiff's Trademark and Common Law Marks used in connection with its products as described herein.

41. Notwithstanding Plaintiff's preexisting, valid and enforceable rights in Plaintiff's Trademark and Common Law Marks as applied to Plaintiff's products, Defendants, without permission or approval, are using Plaintiff's Trademark and Common Law Marks on their products in Illinois and the United States.

42. As a result of Defendants' unauthorized use of Plaintiff's Trademark and Common Law Marks, Defendants have each used and are using Plaintiff's Trademark and Common Law Marks in connection with the advertising, marketing, offering to sell, and reselling of identical products and services.

43. Plaintiff and Defendants have each offered and are offering their respective products and services to like customers in the same geographical locations and through the same trade channels.

44. Defendants are direct competitors of Plaintiff.

45. Defendants' unauthorized use of Plaintiff's Trademark and Common Law Marks, in connection with offering related and competing products and services, is not authorized by

Plaintiff and is likely to cause consumer confusion and mistake, and to deceive consumers as to the source, origin, or affiliation of Defendants' products and services.

46.    The acts by Defendants described herein constitute infringement and misappropriation of Plaintiff's rights in and to the use of and, specifically, give rise to this claim under 15 U.S.C. § 1125(a)(1).

47.    Pursuant to 15 U.S.C. § 1117 and other applicable law, Plaintiff seeks and is entitled to Defendants' profits, damages sustained by Plaintiff, and the costs of this action, and under the circumstances of this case, treble damages. Further, to the extent recovery based on profits is inadequate, Plaintiff seeks and is entitled to judgment for such sum as the Court in its discretion shall find to be just.

48.    Because of the blatant and willful nature of the Defendants' infringement, Plaintiff submits that this is an exceptional case and seeks its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b) and other applicable law.

## COUNT III

*Common Law Trademark Infringement, Unfair Competition and Trade Dress Infringement*

49.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth above in Paragraphs 1 – 48.

50.    Plaintiff was the first to use Plaintiff's Trademark and Common Law Marks. As a result of Plaintiff's widespread and continuous use in commerce, including its promotion and sales of products bearing Plaintiff's Trademark and Common Law Marks, the same has become widely known. Plaintiff has been identified by the public as the manufacturer of the products to which Plaintiff's Trademark and Common Law Marks are applied.

51.    As a result of the experience, care, and service of Plaintiff in producing the products to

which Plaintiff's Trademark and Common Law Marks are applied, these products have become widely known and acquired a worldwide reputation for quality, styling and utility. Moreover, Plaintiff's Trademark and Common Law Marks have come to symbolize Plaintiff's reputation for quality and excellence. Plaintiff's Trademark and Common Law Marks have also acquired secondary meaning (*i.e.*, acquired distinctiveness) in the U.S. marketplace.

52.     Defendants, with knowledge of and with the intentional disregard of Plaintiff's rights, continue to advertise, promote and sell products using Plaintiff's Trademark and Common Law Marks or colorable and confusing imitations thereof. Defendants' acts are likely to cause, have caused, and will continue to cause confusion as to the source and/or sponsorship of Plaintiff's Products.

53.     Defendants' acts alleged herein are specifically, without limitation, their use, manufacture, promotion, offers to sell, selling, and/or importing into the United States products that are confusingly similar to products bearing Plaintiff's Trademark and Common Law Marks, which infringe Plaintiff's exclusive intellectual property rights in violation of the common law.

54.     Defendants' acts alleged herein have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Trademark, Common Law Marks, business reputation, and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendants to its intellectual property, business, reputation, and goodwill.

55.     Defendants' use of colorable imitations of Plaintiff's Trademark and Common Law Marks has been intentional and willful. Defendants' bad faith is evidenced at least by Defendants' use of a mark identical or virtually identical to Plaintiff's Trademark and Common Law Marks on its Infringing Products, as well as the copying of content and images on Plaintiff's

website and e-commerce platforms. Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover Defendants' profits, actual damages, enhanced profits and damages, punitive damages, and costs.

### GENERAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for:

A.    Judgment that Defendants have (i) willfully engaged in trademark counterfeiting in violation of 15 USC §1114; (ii) willfully infringed Plaintiff's Trademark in violation of 15 U.S.C. §1114; (iii) willfully used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. 1125(a); and (iv) willfully violated Plaintiff's common law rights in Plaintiff's Trademark and Common Law Marks;

B.    Ongoing injunctive relief during the pendency of this case and a permanent injunction against further counterfeiting, infringement, false designation of origin, and unfair competition directed against Plaintiff's Trademark and Common Law Marks by Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation therewith;

C.    A finding that this is an exceptional case in accordance with 15 U.S.C. §1117(a) and an award to Plaintiff as the prevailing party of its reasonable attorneys' fees;

D.    An award of damages adequate to compensate Plaintiff for the trademark infringement that has occurred pursuant to 15 U.S.C. §1117(a), which amount shall include Defendants' profits, Plaintiff damages and the costs of this action;

E.    At Plaintiff's election, either (1) an award of damages adequate to compensate Plaintiff for the intentional acts of trademark counterfeiting that have occurred pursuant to 15 U.S.C. §1117(b), which amount shall include three times the amount of Defendants' profits or Plaintiff's

damages (whichever is greater), together with reasonable attorneys' fees; or (2) statutory damages in the amount of: (i) not less than $1,000 and no more than $200,000 per counterfeit mark per type of goods and services sold, offered for sale, or distributed, as the Court considers just; or (ii) if the Court finds the use of the counterfeit mark was willful, not more than $2 million per counterfeit mark per type of goods and services sold, offered for sale or distributed, as the Court considers just; and

F.    Award any and all other relief that this Court deems just and proper.


Respectfully submitted on this 16th day of November, 2023

  /s/ Vahe Khojayan_____


Vahe Khojayan, Esq.
Email: vkhojayan@yklaw.us
Michael A DiNardo, Esq.
Email: mdinardo@yklaw.us
YK Law, LLP
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Tel: (213) 401-0970
Fax: (213) 529-3044

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable by jury.

ILND 44 (Rev 08/23) **CIVIL COVER SHEET**

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government not a party.)*
- ☐ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 110 Insurance | | ☐ 365 Personal Injury - Product Liability | | | |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| | 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 535 Death Penalty | | |
| ☐ 130 Miller Act | 320 Assault, Libel & Slander | | | | ☐ 400 State Reapportionment |
| | ☐ 330 Federal Employers' Liability | | **Other:** | ☐ 740 Railway Labor Act | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 540 Mandamus & Other | ☐ 751 Family and Medical Leave Act | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | 345 Marine Product Liability | | ☐ 550 Civil Rights | | ☐ 450 Commerce |
| | ☐ 350 Motor Vehicle | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | ☐ 460 Deportation |
| ☐ 151 Medicare Act | 355 Motor Vehicle Product Liability | | 560 Civil Detainee - Conditions of Confinement | ☐ 791 Employee Retirement Income Security Act | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | ☐ 360 Other Personal Injury | **PERSONAL PROPERTY** | | | |
| | 362 Personal Injury - Medical Malpractice | ☐ 370 Other Fraud | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| | | | | ☐ 820 Copyright | |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal Property Damage | | ☐ 830 Patent | |
| ☐ 190 Other Contract | | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Arts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | | ☐ 862 Black Lung (923) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | 443 Housing/Accommodations | | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | **IMMIGRATION** | | ☐ 864 SSID Title XVI | |
| 290 All Other Real Property | | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant | |
| | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:
Jury Demand: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*
Judge                                   Case Number

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No   If yes, Case #            Name of Judge

Date: _____

Signature of Attorney of Record _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# SCHEDULE A

Fully interactive e-commerce stores operating under the seller aliases

1. Atomee Corp
   Oksou Amazon Store – Amazon SellerID: A15TTL3MA304DW
   1968 S. Coast Hwy, Suite 1141, Laguna Beach, CA 92651

2. www.oksou.com
   Support@oksou.com
   16133 Ventura Blvd Ste 500, Encino, CA 91436
   Tel: (747) 217-5354

3. www.okaysoupro.com
   Shopify store

4. www.okaysou.com
   Shopify store

5. www.okaysoubrand.com
   Shopify store

6. www.okaysoustore.com
   Shopify store

7. www.shopokaysou.com
   Shopify store

8. www.okaysoupro.com
   Shopify store

9. www.okaysoumall.com
   Shopify store

10. www.okaysoubest.com
    Shopify store

11. www.okaysouglobal.com
    Shopify store