Vahe Khojayan (SBN 261996)
YK Law, LLP
445 S. Figueroa Street, Ste 2280
Los Angeles, CA 90071
Tel: (213) 401-0970
Fax: (213) 529-3044
vkhojayan@yklaw.us

Attorneys for debtor
OKAYSOU CORPORATION

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>**OKAYSOU CORPORATION**<br><br>Debtor | Case Number: 6:23-bk-11535-MH<br><br>**Chapter: 7**<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION FOR RESOLUTION OF DISPUTED TRUSTEE ELECTION;  MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION IN SUPPORT**<br><br>DATE: April 17th, /2024<br>TIME:  11:00AM<br>COURTROOM:  301 |

TO THE HONORABLE MARK HOULE, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

NOTICE IS GIVEN that on April 17th, 2023 at 11:00AM or as soon thereafter as counsel may be heard, in Courtroom 301 of the United States Bankruptcy Court, located at 3420 Twelfth Street, Riverside, CA 92501 Debtor Okaysou Corporation ("Debtor") will move for an order resolving the disputed chapter 7 trustee election and invalidating the results of the chapter 7 trustee election that took place on February 27, 2024.

The grounds for this Motion are that the only voting creditors at the trustee elections were Etekcity Corporation ("Etekcity") and Arovast Corporation ("Arovast") who are not entitled to vote for a candidate for a chapter 7 trustee under 11 U.S.C. §702(a). Etekcity and Arovast do not hold an allowable, undisputed, fixed, liquidated, unsecured claims against the debtor.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support of this Motion, the attached Declaration of Vahe Khojayan, and such other evidence as the Court may accept at the hearing.

**PLEASE TAKE FURTHER NOTICE** that this Motion is being heard on regular notice pursuant to Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (hereinafter "LBR"), Rule 9013-1. If you wish to oppose this motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Debtor's attorney at the address set forth above *no less than fourteen (14) days prior to the above hearing date*. If you fail to file a written response to this motion within such time period, the Court may treat such failure as a waiver of your right to oppose the motion and may grant the requested relief.

Date: March 22, 2024                         By: _____
                                                  Vahe Khojayan
                                                  Attorney for Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 702 of the Bankruptcy Code and Bankruptcy Rules 2001(d), 2003(d)(2), 2006, and 2008.

## II.  FACTS AND PROCEDURAL HISTORY

### A.  **The Bankruptcy Case.**

On April 17, 2023, the Debtor filed a voluntary chapter 11 petition. On December 28, 2023, the Court ordered the case converted to chapter 7.  On January 2, 2024, Robert Whitmore was appointed as the interim trustee in the case. The Debtor's initial meeting of creditors pursuant to § 341(a) (the "§ 341(a) meeting") was set for January 30, 2024. On January 30, 2024, Mr. Whitmore, as interim trustee, called the Debtor's § 341(a) meeting, but the Debtor's representative failed to appear. Debtor's counsel and counsel for purported creditors Arovast and Etekcity Emi Shibata was present at the § 341(a) meeting. Ms. Shibata stated on the record that she was representing creditors Arovast and Etekcity; the creditors were not present who wished to call for a trustee election.  The Debtor's counsel, Vahe Khojayan of YK Law, LLP, was present and disputed the eligibility of Ms. Shibata's clients to vote as they only hold disputed and unliquidated claims.  Based on the Debtor's non-appearance, and need for proxies to be provided to the U.S. Trustee, the § 341(a) meeting was continued to February 27, 2024.

During the February 27, 2024 meeting of creditors Ms. Shibata on behalf of Arovast and Etekcity voted to elect a different chapter 7 trustee.  The election was conducted over the objection of the Debtor who disputed the eligibility of Etekcity and Arovast to elect a trustee.  The election procedures and the results are explained in detail in the United States Trustee's "Report of Disputed Election of Trustee" filed with this court on March 8, 2024.

### B.  **Timing of This Motion**:

Bankruptcy Rule 2003(d)(2) provides as follows with respect to disputed elections: "Unless a motion for resolution of the dispute is filed no later than 14 days after the United

States Trustee files a report of a disputed election for trustee, the interim trustee shall serve as trustee in the case." Debtor timely brings this motion to avoid the default election of the Interim Trustee as set forth in Bankruptcy Rule 2003(d)(2).

The United States Trustee filed its Report of Disputed Election of Trustee on March 8, 2023. Debtor's motion is timely filed within the 14-day timeframe.

### III. ARGUMENT

**a. <u>Only Creditors with Undisputed, Fixed, Unliquidated and Unsecured Claims May Vote to Elect a Trustee.</u>**

Section 702 of the Bankruptcy Code provides in relevant part:

"(a) A creditor may vote for a candidate for trustee only if such creditor--
> (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title." 11 U.S.C. § 702.

Additionally, Rule 2003(b)(3) provides:

> " In a chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to §702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face. "

Section 702 should be read in conjunction with Bankruptcy Rule 2003(b)(3). <u>In re Williams</u>, 277 B.R. 114, 117 (Bankr. C.D. Cal. 2002). Thus, in the absence of objection to a claim, an unsecured creditor may vote in a trustee election, if it has filed a proof of claim or similar writing and that claim sufficiently states facts entitling the creditor to vote pursuant to Section 702(a). In other words, for a creditor to be entitled to vote, that creditor's proof of claim shall sufficiently state on its face that the claim is allowable, undisputed, fixed and liquidated.

Arovast's and Etekcity's claims fails to meet that standard, as they are disputed and clearly unliquidated.

//
//

b. **Arovast and Etekcity Have Duplicate, Disputed, and Unliquidated Claims**.

Arovast and Etekcity filed duplicate claims. Their claims are identical with the exception of the name of the creditor. Further, Debtor did and continues to dispute the validity of claims made by Etekcity and Arovast. Debtor did indicate as much in its schedule F. See Docket No. 183-5, Exhibit 5 attached to the UST's Report of Disputed Election of Trustee. That dispute has not been withdrawn or resolved.

Additionally, Arovast's and Etekcity's claims are unliquidated and are not fixed. A claim is unliquidated when a bankruptcy case is filed prior to the judgement rendered in the underlying case. Arovast and Etekcity have filed identical claims in this case: Claim Nos. 13 and 14. Attached hereto as Exhibits A and B are copies of these claims. They both claim the exact same amount: $1,933,326.22, list the exact same contact information and arise from the same lawsuit where Arovast and Etekcity are plaintiffs. The claims both list the basis for the claim as "Damages resulting from debtor's patent infringement." The claims are unsupported by any documents, or calculations of claimed damages. They also patently state "Supporting documentation is highly confidential; **amount is under dispute in litigation matter**." See Exhibits A and B section 7 (emphasis added).

The underlying litigation matter to which they refer is the case of <u>Arovast Corporation, et. al. v. Okaysou Corporation, et. al.</u> filed in the United States District Court, Central District of California, case number 8:22-cv-1037. Attached hereto as Exhibit C is a copy of the complaint in that case ("Complaint"). The Complaint states no specific amount demanded and provides no basis for any specific calculation of damages. No judgment has been entered in that case and no determination has been made about the amount of damages purportedly sustained by Arovast or Etekcity. Attached hereto as Exhibit D is a copy of the docket report from that case indicating so. The case has been stayed since the filing of the underlying bankruptcy case.

There is no dispute that Arovast and Etekcity hold unliquidated, unfixed and disputed claims. Section 702(a) allows only claimants with "allowable, undisputed, fixed, liquidated, unsecured claim" to vote. Etekcity and Arovast are not such claimants, as they do not have undisputed, fixed or liquidated claims. Consequently, they do not have a right to vote under Rule 2003(b)(3) as they claims are facially defective. Rule 20003(b)(3) provides a right to vote to creditors who prior to the 341(a) meeting "…has filed a proof of claim or a writing setting

forth facts evidencing a right to vote pursuant to §702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face." Arovast's and Etekcity's claims are insufficient on their face.

Arovast and Etekcity did file proofs of claims. See Exhibits A and B. However, their proofs of claims fail to state sufficient facts to establish that they are undisputed, liquidated, or fixed. On the contrary, the claims on their face state that the "amount is under dispute in litigation matter." See Exhibits A and B, Section 7. This statement should end the inquiry. Creditors themselves admit that they have disputed claims that is still unliquidated. This is the exact type of claim that will not allow the claimant to cast votes pursuant to Rule 2003(b)(3) as its claim "is insufficient on its face." What could be more insufficient on its face than a proof of claim readily and unambiguously stating that it is disputed and unliquidated. That conclusion is also supported by the fact that the claims in question arise from a pending litigation where no judgment has been entered. The underlying case has been stayed by the pendency of this bankruptcy and the creditors made no attempts whatsoever to obtain relief from stay, or to liquidate their claims.

A similar situation arose in the case of In re Am. Eagle Mfg., Inc., 231 B.R. 320, 330 (B.A.P. 9th Cir. 1999). Judge Barry Russell sitting on the bankruptcy appellate panel, affirmed the bankruptcy court's ruling of not including unliquidated claims in chapter 7 trustee elections. In that case, appellants complained that the bankruptcy court's exclusion from election tally of the certain claims as unliquidated was erroneous because objections to those claims were not filed at the time of the § 341(a) meeting. In re Am. Eagle Mfg., Inc., 231 B.R. 320, 330 (B.A.P. 9th Cir. 1999). However, the debtor's counsel in that case had specifically objected to the claims in question at the § 341(a) meeting, describing the claims as unliquidated, since the judgment supporting the claims was vacated. Id. The bankruptcy court found that the claims in question were in fact unliquidated, and the bankruptcy appellate panel affirmed that finding, and the eventual exclusion of these claims from the voting. Id.

The Complaint filed in the underlying trademark case by Etekcity and Arovast does not state an amount of claimed damages. Clearly, the amount is subject to litigation and cannot be easily ascertained. That is the very definition of an unliquidated claim. In In re Am. Eagle Mfg., Inc., 231 B.R. 320, 330 (B.A.P. 9th Cir. 1999), the court deemed unliquidated a claim where

judgment was entered in the underlying litigation and later vacated. In this case, Arovast and Etekcity have not even come close to entry of judgment in their favor. They have not even attempted to liquidate, estimate or fix their claims. They also readily admit that the claims are unliquidated.

Further, Arovast and Etekcity are disputed creditors. For unknown reasons, they keep fighting the appointment of Mr. Whitmore as Chapter 7 trustee, seeking to select the chapter 7 trustee that they would be more comfortable with. Attempting to select their opponent in connection with the dispute – is exactly the scenario discussed in In re Williams, 277 B.R. 114, 119-21 (Bankr. C.D. Cal. 2002), where the court determined that a creditor should not be in a position to choose her opponent in connection with a dispute, and found the creditor's claim disputed for purposes of section 702(a)(1) of the Bankruptcy Code due to a pending appeal of her judgment. Id.

Arovast and Etekcity seek to do exactly what Williams prescribed against. They are disputed creditors, who seek to exercise influence over this chapter 7 bankruptcy case. Their actions, from filing duplicate claims to voting in election when they do not have such standing are inexplicable. No matter how one read Section 702(a) or Rule 2003(b)(3), it is abundantly clear that an unliquidated claimant cannot vote to elect a chapter 7 trustee. And there is no dispute that Arovast and Etekcity are unliquidated and disputed claimants.

For that reason, their votes at the February 27, 2024 341(a) meeting electing a different trustee are invalid. As a result so is the elections, as Arovast and Etekcity were the only voting creditors.

## IV. CONCLUSION

Therefore, based on the foregoing statutory and decisional authority, it is respectfully requested that the Court invalidate the election results, so that Mr. Robert Whitmore may remain as chapter 7 trustee in the case.

Date: March 22, 2024        By: _____
                                Vahe Khojayan
                                Attorney for Debtor

### DECLARATION OF VAHE KHOJAYAN

I, Vahe Khojayan, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am a person over the age of eighteen and Debtor's counsel in this case.

2. I submit the declaration in support of Debtor's Motion for resolution of Disputed Trustee Election.

3. On April 17, 2023, the Debtor filed a voluntary chapter 11 petition.

4. On December 28, 2023, the Court ordered the case converted to chapter 7.

5. On January 2, 2024, Robert Whitmore was appointed as the interim trustee in the case.

6. The Debtor's initial meeting of creditors pursuant to § 341(a) (the "§ 341(a) meeting") was set for January 30, 2024. On January 30, 2024, Mr. Whitmore, as interim trustee, called the Debtor's § 341(a) meeting, but the Debtor's representative failed to appear.

7. Myself and counsel for purported creditors Arovast Corporation and Etekcity Corporation Emi Shibata were present at the § 341(a) meeting. Ms. Shibata stated on the record that she was representing creditors Arovast Corporation and Etekcity Corporation; the creditors were not present who wished to call for a trustee election.

8. I disputed the eligibility of Ms. Shibata's clients to vote. Based on the Debtor's non-appearance, and need for proxies to be provided to the U.S. Trustee, the § 341(a) meeting was continued to February 27, 2024.

9. During the February 27, 2024 meeting of creditors Ms. Shibata on behalf of Arovast Corporation and Etekcity Corporation voted to elect a different chapter 7 trustee. The election was conducted over the Debtor's objection who disputed the eligibility of Etekcity and Arovast to elect a trustee, as they were unliquidated and disputed creditors.

10. The election procedures and the results are explained in detail in the United States Trustee's "Report of Disputed Election of Trustee" filed with this court on March 8, 2024.

11. Arovats Corporation and Etekcity Corporation filed prods of Claim Nos. 13 and 14 in this case. Attached hereto as Exhibits A and B are copies of these claims. They both claim the exact same amount: $1,933,326.22. The claims both list the basis for the claim as "Damages resulting from debtor's patent infringement."

12. The claims are unsupported by any documents, or calculations of claimed damages. They also patently state "Supporting documentation is highly confidential; amount is under dispute in litigation matter." <u>See</u> Exhibits A and B, Section 7.

13. The underlying litigation matter to which they refer to is the case of <u>Arovast Corporation, et. al. v. Okaysou Corporation, et. al.</u> filed in the United States District Court, Central district of California, with case number 8:22-cv-1037. Attached hereto as Exhibit C is a copy of the complaint in that case (the "Complaint").

14. The Complaint states no specific amount demanded and provides no basis for any specific amount. No judgment has been entered in that case and no determination has been made about the amount of damages purportedly sustained by Arovast or Etekcity. Attached hereto as Exhibit D is a copy of the docket report from that case indicating so.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true correct.

    Executed on March 22, 2024 at Los Angeles, California.

_____
Vahe Khojayan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**445 S. Figueroa Street, Ste 2280**
**Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION FOR RESOLUTION OF DISPUTED TRUSTEE ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/22/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Abram Feuerstein, esq on behalf of U.S. Trustee United States Trustee (RS)**
abram.s.feuerstein@usdoj.gov
**Michael J Gearin on behalf of Interested Party Amazon Capital Services, Inc.**
michael.gearin@klgates.com
**Everett L Green on behalf of U.S. Trustee United States Trustee (RS)**
everett.l.green@usdoj.gov
**Vahe Khojayan on behalf of Debtor Okaysou Corporation**
vkhojayan@yklaw.us
**Vahe Khojayan on behalf of Plaintiff Okaysou Corporation**
vkhojayan@yklaw.us
**Yi Hui Lee on behalf of Interested Party Party Interested**
mlee@yklaw.us
**Cameron C Ridley on behalf of U.S. Trustee United States Trustee (RS)**
Cameron.Ridley@usdoj.gov
**Brandy A Sargent on behalf of Defendant Amazon Capital Services, Inc.**
brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
**Brandy A Sargent on behalf of Defendant Amazon.com Services, LLC**
brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
**Brandy A Sargent on behalf of Interested Party Amazon Capital Services, Inc.**
brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
**Allan D Sarver on behalf of Creditor Rexford Industrial Realty L.P. A Maryland Partnership**
ADS@asarverlaw.com
**Allan D Sarver on behalf of Interested Party Party Interested**
ADS@asarverlaw.com
**David B Shemano on behalf of Creditor Committee Official Committee of Unsecured Creditors**
dshemano@shemanolaw.com
**Raymond Trojan on behalf of Interested Party Party Interested**
trojan@trojanlawoffices.com, shibata@trojanlawoffices.com
**United States Trustee (RS)**
ustpregion16.rs.ecf@usdoj.gov
**Robert Whitmore (TR)**
rswtrustee@yahoo.com, rwhitmore@ecf.axosfs.com    ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **03/22/2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/22/2024 | Tina Chenorjoukian | /s/ Tina Chenorjoukian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| | |
|---|---|
| Cansail Fulfillment<br>13828 Mountain Ave,<br>Chino, CA 91710<br><br>Fedex<br>3965 Airways, Module G<br>4th Floor<br>Seattle, WA 98116<br><br>Rexford Industrial<br>11620 Wilshire Blvd, #1000<br>Los Angeles, CA 90025<br><br>UPS<br>PO box 650116<br>Dallas, TX 75265-0116<br><br>Wakool Transport<br>19130 San Jose Ave,<br>Rowland Heights, CA 91748<br><br>WebBank<br>100 Shockoe Slip, 2nd Floor<br>Richmond, VA 23219<br><br>INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Tiansai Pang<br>#303, Renxing Rd.,<br>Yubei Dist., Chongqing,<br>China 303<br><br>Souxing Information Technology (Chongqing) Co. Ltd  #56, Ruitian Rd., Yuzhong Dist., Chongqing, China  56<br><br>Fundong Cao<br>#56, Ruitian Rd., Yuzhong Dist., Chongqing, China  56<br><br>Cixi Belian Electrical Appliance<br>NO.28th,Haitong Road ,Guanhaiwei Town,CIXI China 28<br><br>Hanking Plastic Manufactory(Shenzhen) Co., LTD<br>Pingdong Village Pingdi Town Longgang District Shenzhen 518117 China<br><br>Hexathelid Corporation Limited<br>BUILDING1,YONGXIN INDUSTRY PARK, NO.89, 891<br><br>JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz, Schneid, & Crane LLP<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487 |