# EXHIBIT C

| | |
|---|---|
| 1 | TROJAN LAW OFFICES |
| 2 | R. Joseph Trojan  CA Bar No. 137,067 |
|   | trojan@trojanlawoffices.com |
| 3 | Dylan C. Dang, CA Bar No. 223,455 |
| 4 | dang@trojanlawoffices.com |
|   | Francis Z. Wong, CA Bar No. 284,946 |
| 5 | wong@trojanlawoffices.com |
| 6 | 9250 Wilshire Blvd., Suite 325 |
|   | Beverly Hills, CA  90212 |
| 7 | Telephone:   310-777-8399 |
| 8 | Facsimile:    310-777-8348 |
| 9 | Attorneys for Plaintiffs, |
| 10 | Arovast Corporation and Etekcity Corporation |

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 13 | Arovast Corporation, a California Corporation, and Etekcity Corporation, an Iowa Corporation, | Case No. 8:22-cv-1037 |
| 14 | | |
| 15 | | |
| 16 | Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR INFRINGEMENT OF U.S. PATENT NOS. D942,604 and D936,200 UNDER 35 U.S.C. § 271** |
| 17 | v. | |
| 18 | Okaysou Corporation, a California Corporation, Hao Ma, an individual, and Yan Huang, an individual, | |
| 19 | | |
| 20 | | **DEMAND FOR JURY TRIAL** |
| 21 | Defendants. | |

Plaintiff Arovast Corporation (hereinafter, "Arovast") and Plaintiff Etekcity Corporation (hereinafter, "Etekcity") hereby complain against Defendants Okaysou Corporation, Hao Ma, and Yan Huang (hereinafter collectively, "Defendants") as follows:

1. This is a civil action for design patent infringement arising under the Patent Laws of the United States.

## I. THE PARTIES

2. Plaintiff Etekcity is an Iowa corporation with its principal place of business located in Anaheim, California. Plaintiff Arovast is a California corporation with its principal place of business in the Central District of California located in Anaheim, California.

3. Etekcity is the owner by assignment of all right, title and interest to the following patents: (a) U.S. Patent No. D942,604, entitled Air Purifier, attached hereto as Exhibit 1; and (b) U.S. Patent No. D936,200, entitled Air Purifier, attached hereto as Exhibit 2 (hereinafter collectively, "The Patents").

4. Etekcity is in the business of providing management, accounting, sales, and distribution services to its sister companies, including to Plaintiff Arovast. In addition, Etekcity exclusively licenses The Patents to Plaintiff Arovast. Plaintiff Arovast markets and sells the patented air purifiers under its exclusive license to The Patents.

5. Upon information and belief, Okaysou is a California corporation in the business of manufacturing, distributing and/or selling consumer appliances including air purifiers, humidifiers, and air fryers. Okaysou maintains its principal place of business in the Central District of California in Ontario, CA. Okaysou

1                                                                        COMPLAINT

regularly conducts business throughout the United States and in this judicial district.

6. Defendant Okaysou is engaged in the manufacture, importation, distribution, promotion, and/or sale of air purifiers, including the following Accused Products:

(a) The Cayman 608 air purifier, which infringes United States Design Patent No. D942,604 (hereinafter, "'604 Patent");

(b) The Apollo 718 air purifier, which infringes United States Design Patent No. D936,200 (hereinafter, "'200 Patent"); and,

(d) Any other air purifiers having a substantially similar appearance regardless of the trademark applied by Defendant Okaysou.

7. Defendant Hao Ma is the Chief Executive Officer of Defendant Okaysou. On information and believe, Defendant Hao Ma is the principal officer of Defendant Okaysou responsible for approving the manufacture, importation, and/or sale of the Accused Products and orchestrates the infringing activities from Defendant Okaysou's principal place of business in the Central District of California. On information and belief, Defendant Hao Ma resides at 201 E Chapman Ave, Apt, 43G, Placentia, CA 92870.

8. Defendant Hao Ma knew, or should have known, the manufacture and/or sale of the Accuse Products were an infringement of Plaintiffs' patent rights, and

certainly knew after being placed on actual notice of the patent rights when informed by Plaintiff that Defendant Okaysou was infringing Plaintiffs' patent rights. Yet, Defendant Hao Ma has chosen to continue to orchestrate the sale of the Accused Products. As a consequence, Defendant Hao Ma has and is actively and knowingly aided and abetted the infringement, resulting in personal liability attaching to Defendant Hao Ma for the infringement.

9. Defendant Yan Huang is the Director of Defendant Okaysou. On information and believe, Defendant Yan Huang is the sole director of Defendant Okaysou responsible for ratifying all actions taken by Defendant Hao Ma in Ma's capacity as Chief Executive Officer, including the ratification of the manufacture and/or sale of the Accused Products and orchestration of the infringing activities from Defendant Okaysou's principal place of business in Ontario, California. On information and believe, Defendant Yan Huang provides Board support for the infringing activities by approving the allocation of financial and other resources for the manufacture, importation, and sale of the Accused Products. On information and belief, Defendant Yan Huang resides at 2010 Napoli Ct, #103, Corona, CA 92881.

10. Defendant Yan Huang knew, or should have known, the manufacture and/or sale of the Accuse Products were an infringement of Plaintiffs' patent rights, and certainly knew after being placed on actual notice of the patent rights when

informed by Plaintiffs that Defendant Okaysou was infringing Plaintiffs' patent rights. Yet, Yan Huang has chosen to continue to ratify and approve the allocations of resources for the sale of the Accused Products. As a consequence, Defendant Yan Huang has and is actively and knowingly aided and abetted the infringement, resulting in personal liability attaching to Defendant Yan Huang for the infringement.

### III. JURISDICTION AND VENUE

11.    This Court has original subject matter jurisdiction over Plaintiffs' patent infringement claim pursuant to 28 U.S.C. §1338(a).

12.    This Court has personal jurisdiction over Defendants because they have manufactured, used, imported, sold, and/or advertised products which infringe the '604 and '200 Patents within the Central District of California and/or have approved, authorized, ratified, and/or provided material support for the infringing activities within the Central District of California.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400 because the acts complained of herein have been committed and are being committed in this Judicial District under the pending jurisdictional authority of this Court. Furthermore, venue is proper in the Central District, based on this Court's personal jurisdiction over the Defendants as a result of their infringing activities in the Central District.

## IV. FIRST COUNT FOR INFRINGEMENT OF

## UNITED STATES PATENT NO. D942,604

14. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 13.

15. Plaintiff Etekcity owns by assignment the exclusive right to make, use, import, sell, and advertise the ornamental design described and claimed in the '604 Patent. Plaintiff Arovast is the exclusive licensee under the '604 Patent.

16. Defendants manufacture, import, market, and/or sale the Cayman 608 air purifier or aid and abet the same. The Cayman 608 air purifier is shown below in comparison to the '604 Patent and the Plaintiffs' patented air purifier:



5 COMPLAINT

17. 35 U.S.C. § 289 defines design patent infringement as the application of "the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale or selling or exposing for sale any article of manufacture to which the design or colorable imitation has been applied." The standard for infringement is whether an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design.

18. Applying the test for design patent infringement to the Cayman 608 air purifier by comparing it to the design in the '604 Patent, there is no question that the Cayman 608 air purifier is substantially the same in appearance. Therefore, the Cayman 608 air purifier infringes the '604 Patent. Defendants have violated Plaintiffs' patent rights by engaging in the manufacture, importation, use, sale, advertising, and/or offer for sale of air purifiers having the appearance of the Cayman 608 air purifier regardless of branding and/or aiding and abetting in the same.

19. The alleged infringing articles have not been manufactured or authorized in any manner by Plaintiffs.

20. As a legal consequence of Defendants' infringement, Plaintiffs have been irreparably harmed and are entitled to lost profits under 35 U.S.C. § 289, pre-judgment interest, compensation for loss of convoy sales, price erosion, loss of market share, and a preliminary and permanent injunction.

21. Defendants have had actual notice of Plaintiffs' patent rights, but have failed to discontinue the manufacture, importation, use, sale, advertising, and/or offer for sale of the Cayman 608 air purifier without justification. These continued activities constitute willful infringement of the '604 Patent, thereby entitling Plaintiffs to treble damages and attorney fees under 15 U.S.C. §§ 284 and 285.

## V. SECOND COUNT FOR INFRINGEMENT OF UNITED STATES PATENT NO. D936,200

22. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 13.

23. Plaintiff Etekcity owns by assignment the exclusive right to make, use, import, sell, and advertise the ornamental design described and claimed in the '200 Patent. Plaintiff Arovast is the exclusive licensee under the '200 Patent.

24. Defendants manufacture, import, market, and/or sale the Apollo 718 air purifier or aid and abet the same. The Apollo 718 air purifier is shown below in comparison to the '200 Patent and the Plaintiffs' patented air purifier:

TROJAN LAW OFFICES
BEVERLY HILLS

7    COMPLAINT





25. 35 U.S.C. § 289 defines design patent infringement as the application of "the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale or selling or exposing for sale any article of manufacture to which the design or colorable imitation has been applied." The standard for infringement is whether an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design.

26. Applying the test for design patent infringement to the Apollo 718 air purifier by comparing it to the design in the '200 Patent, there is no question that the Apollo 718 air purifier is substantially the same in appearance. Therefore, the Apollo 718 air purifier infringes the '200 Patent. Defendants have violated Plaintiffs' patent rights by engaging in the manufacture, importation, use, sale, advertising, and/or offer for sale of air purifiers having the appearance of the Apollo 718 air purifier regardless of branding and/or aiding and abetting in the

same.

27.    The alleged infringing articles have not been manufactured or authorized in any manner by Plaintiffs.

28.    As a legal consequence of Defendants' infringement, Plaintiffs have been irreparably harmed and are entitled to lost profits under 35 U.S.C. § 289, pre-judgment interest, compensation for loss of convoy sales, price erosion, loss of market share, and a preliminary and permanent injunction.

29.    Defendants have had actual notice of Plaintiffs' patent rights, but have failed to discontinue the manufacture, importation, use, sale, advertising, and/or offer for sale of the Apollo 718 air purifier without justification.  These continued activities constitute willful infringement of the '200 Patent, thereby entitling Plaintiffs to treble damages and attorney fees under 15 U.S.C. §§ 284 and 285.

## V.  PRAYER OF RELIEF

WHEREFORE, Plaintiffs respectfully prays for the following relief:

a.    A preliminary injunction barring Defendants and all of their agents, officers, attorneys, successors, and assigns from manufacturing, importing, using, selling, and/or offering for sale any product that infringe the '604 and '200 Patents;

b.    A permanent injunction barring Defendants and all of their agents, officers, attorneys, successors, and assigns from manufacturing, using, selling, and/or offering for sale any product that infringes the '604 and '200 Patents;

c.  A judgment against Defendants of $5,000,000 or actual compensatory damages, adequate to compensate Plaintiffs for all of their losses, including prejudgment interest, lost profits, Defendants' profits, loss of convoy sales, price erosion, and loss of market share;

d.  Treble damages and attorney fees pursuant to 35 U.S.C. §§ 284 and 285 for the willful infringement of the '604 and '200 patents by Defendants;

e.  Costs of suit and prejudgment interest against Defendants; and

f.  Any and all other relief that the Court deems proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES
By

Dated: May 23, 2022

/s/R. Joseph Trojan
R. Joseph Trojan
Attorney for Plaintiffs
Arovast Corporation and
Etekcity Corporation

10                                                                    COMPLAINT